IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-64-BO

| | |
|---|---|
| DAVID GLENN SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on April 6, 2015, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed his applications on December 29, 2011, alleging disability beginning December 8, 2008. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 3, 2015. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his amended alleged onset date. Plaintiff's epilepsy, mild degenerative disc disease of the lumbar spine, arthritis of both shoulders, and diabetes were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform medium work with additional exertional limitations. The ALJ then found that plaintiff was unable to return to his past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled from December 17, 2008, through the date of his decision.

An ALJ must consider all of the relevant evidence when assessing a claimant's RFC. SSR 96-8p. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). An ALJ must provide specific reasons for the weight given to a treating physician's opinion. SSR 96-2p.

Here, the ALJ gave the opinion of Dr. White, plaintiff's treating physician, little weight. Tr. 15. The ALJ explained that he found Dr. White's opinion that plaintiff could not perform even sedentary work not to be supported by the evidence in the record. The ALJ further found Dr. White's opinion to be inconsistent with the opinion of Dr. Ellis, a consultative examiner, who found that plaintiff had no limitations in standing, walking, sitting, lifting, or carrying. *Id.*; Tr. 345.

In addition to opining that plaintiff could not perform even sedentary work, Dr. White opined that plaintiff could never twist, stoop, or squat. Tr. 376. Dr. Gebrail, a consultative examiner, also opined that plaintiff would have difficulty with heavy lifting, bending, twisting, and pushing. Tr. 363. Both Dr. White and Dr. Gebrail's opinions were rendered after plaintiff was involved in a car accident in 2011 in which he claims to have hurt his back, while Dr. Ellis' opinion was rendered in 2010 prior to the accident. The ALJ's reliance on Dr. Ellis' opinion in light of the intervening accident is not supported by substantial evidence.

Further, the ALJ's RFC assessment fails to discuss plaintiff's bilateral shoulder arthritis, which he found to be a severe impairment. Dr. White opined that plaintiff could reach overhead for less than 10% of a workday, Tr. 376, and plaintiff testified that in the past his shoulder pain

4

was so severe to have caused him to have trouble dressing. Tr. 40. Because limitations associated with plaintiff's shoulder impairments could erode his ability to perform work, failure to address such impairments in plaintiff's RFC determination was error. *See* 20 C.F.R. § 404.1529(d)(4); SSR 96-8p; *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (declining to adopt a per se function-by-function analysis rule but finding remand appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions"). Additionally, because the ALJ failed to even mention plaintiff's shoulder arthritis, the Court cannot "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005). Remand of this matter is therefore appropriate for the ALJ to consider plaintiff's RFC in light of the foregoing findings.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this ___ day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5